FILED
2013 Sep-11 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SANIYA PARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:12-CV-777-VEH |
| | ) |
| **KEYSTONE FOODS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

On August 7, 2013, this court granted summary judgment in favor of Defendant and dismissed Plaintiff's case with prejudice. (Docs. 29, 30). On September 9, 2013,[1] Plaintiff filed a Motion asking for Reconsideration on case Dismissal (Doc. 33) (the "Motion") relating to the court's summary judgment ruling that was adverse to her. On September 10, 2013, Plaintiff filed a Notice of Appeal (Doc. 34) (the "Second Motion"), which similarly disputes the court's summary judgment decision.

---

[1] While the Motion has a typed heading of "Filed: 08/29/2013" (Doc. 33 at 1) and indicates that Plaintiff mailed a copy of it to Defendant's counsel and the court on August 29, 2013 (*id.* at 5), the official clerk's office "FILED" stamp for the court reflects a filing date of September 9, 2013, and a time stamp of 12:28 p.m. (*id.* at 1). The "**Date Filed**" entry by the clerk on CM/ECF similarly lists September 9, 2013. Under Rule 5(d)(2) of the Federal Rules of Civil Procedure, a motion is not "filed" with the court simply by mailing it; instead whenever filing conventionally as opposed to electronically under Fed. R. Civ. P. 5(d)(3), "[a] paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing . . . ." Fed. R. Civ. P. 5(d)(2)(A)-(B). Thus, the filing of Plaintiff's Motion was completed when it was delivered to the clerk's office by the U.S. Postal Service on September 9, 2013.

Because the Motion and Second Motion generally seek to modify this court's final judgment entered on August 7, 2013, both are brought procedurally pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[2] *See Smith v. Secretary, Florida Dept. of Corrections*, 358 Fed. App'x 60, 64 (11th Cir. 2009) ("Regardless of how the parties label the motion, the district court will treat a post-judgment motion as having been filed under Federal Rule of Civil Procedure 59 or 60, depending on the type of relief sought." (citing *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1231 (11th Cir. 1984))).

The standards governing Rule 59(e) motions are straightforward:

> [The Eleventh Circuit] review[s] the denial of a Rule 59 motion for abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Additionally, under Rule 59(e), "[a] motion to alter or amend a judgment must

---

[2] A Rule 60(b) motion provides six specific grounds for obtaining relief from a judgment, such as a mistake, inadvertence, surprise, excusable neglect, fraud, and a void or satisfied judgment. *See* Fed. R. Civ. P. 60(b)(1)-(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . ." The contents of Plaintiff's Motion do not trigger any of Rule 60(b)'s subparts.

2

be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This means that for Plaintiff's Motion and Second Motion to be timely presented, they had to be filed with the court no later than September 4, 2013, which they were not. Even if the court treats Plaintiff's Reason for Submitting Evidence Late (Doc. 31) and supporting Brief in Support of *Prima Facie* Case (Doc. 32) that were filed on September 6, 2013, as an earlier Rule 59(e) motion, still Plaintiff does not meet the applicable filing deadline of September 4, 2013.

Further, while Plaintiff contends in Doc. 31 that she was unaware of the scheduling deadlines applicable to Defendant's summary judgment motion (*id.* at 1 ("[T]he Plaintiff hasn't been informed throughout this lawsuit that there is actually a time frame in which she has to respond to certain documents.")), she neglects to acknowledge that on March 13, 2012, this court entered and the clerk mailed to her the undersigned's uniform initial order (Doc. 4), which, in appendix II, included the court's temporal and other requirements applicable to movants and non-movants on summary judgment. (*Id.* at 13-20).

Finally, even when considering the substance of Plaintiff's late Motion, Second Motion, and related contentions, this court, in its discretion, is unpersuaded to alter its summary judgment decision in any manner. More specifically, neither Plaintiff's Motion nor her Second Motion offers newly discovered evidence, demonstrates

manifest error of law or fact on the part of the court, or otherwise provides a compelling basis for amending the prior ruling. Accordingly, and for all these reasons, Plaintiff's Motion and Second Motion are **DENIED**.

    **DONE** and **ORDERED** this the 11th day of September, 2013.

*/s/ Virginia Emerson Hopkins*

**VIRGINIA EMERSON HOPKINS**
United States District Judge